Melvin BECK

v.

Stanley J. and Jane B. PALMAN.

Supreme Judicial Court of Maine.

Jan. 17, 1979.

---

Cratty & Cratty by Bernard R. Cratty, Waterville (orally), for plaintiff.

Sanborn, Moreshead, Schade & Dawson by Gordon H. Smith (orally), Richard B. Sanborn, Charles E. Moreshead, Augusta, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

Plaintiff Melvin Beck instituted a civil action against defendants Stanley J. and Jane B. Palman in the Superior Court (Kennebec County) seeking to recover (1) the sum of $4,048.58 as the principal due on a promissory note executed by defendants, together with the interest due thereon in the amount of $593.78; (2) the sum of $948.75 as due, on a quantum meruit basis, for defendants' use and occupancy for 5¾ months of one of the units in a condominium complex known as Manchester Heights Condominiums, situated in Manchester, Maine; and (3) an amount allegedly due for the cost of carpeting supplied by plaintiff to defendants at their request and for which defendants had agreed to pay.

Defendants answered, denying liability to plaintiff. Defendant Stanley J. Palman counterclaimed asserting that plaintiff owed him for labor, material and supplies, as well as certain custodial services allegedly furnished to plaintiff, and also for commissions claimed due regarding sales of condominium units made on plaintiff's behalf.

After a bench trial the Superior Court Justice ordered entry of judgment on plaintiff's complaint in favor of the plaintiff against the defendants in the amount of $271.62, this being the amount stipulated by the parties as due plaintiff for the carpeting he supplied to defendants. On the counterclaim the Justice ordered entry of judgment in favor of defendant Stanley J. Palman against plaintiff in the sum of $1,850.00.

We sustain plaintiff's appeal from the judgment entered on the complaint, and for reasons hereinafter explained we remand the case to the Superior Court for a complete new trial.

At the commencement of the bench trial the Justice stated to counsel for plaintiff and defendants that he found that the pleadings and pre-trial memoranda had not adequately crystallized the issues to be tried. He therefore engaged with counsel in an undertaking to formulate the issues precisely. After various comments by the Justice directed particularly to the issues raised regarding the promissory note, counsel for the plaintiff offered in evidence a promissory note, identified as plaintiff's exhibit No. 1, bearing date of September 13, 1973 and showing the purported signatures of "Stanley J. Palman" and "Jane B. Palman" as the makers of the instrument. The note stated:

"We, Stanley J. Palman and June B. Palman, hereby promise to pay Melvin W. Beck the sum of Four Thousand Forty-eight Dollars and Fifty-eight cents ($4,048.58) with interest at the rate of eight per cent (8%) per annum on demand."

After the note was offered, the Justice repeated that he was seeking "to get the case postured as clearly as we can", and he then made the further comment that he had before him

"a promissory note dated September 13, 1973, which purports to bear the signature of Stanley J. Palman and Jane B. Palman. This promissory note has been

marked Plaintiff's Exhibit 1. Mr. Moreshead [counsel for defendants], is there any objection to the admission of this as an exhibit?

Thereupon, a colloquy ensued, as follows:

"MR. MORESHEAD: No, Your Honor.

"THE COURT: Plaintiff's 1 is admitted without objection. Now, Mr. Moreshead, do I understand that the defendants are prepared to *stipulate that they did execute and deliver this promissory note and that they have made no payment thereunder?*

"MR. MORESHEAD: *That is correct, Your Honor.*

"THE COURT: Now, you may go ahead Mr. Cratty [counsel for plaintiff]. *We have got that part of it clear on the record,* and proceed to your other issue, if you would like. [Mr. Cratty's "other issue" was described in plaintiff's pretrial memorandum as being his claim for 'sums due for extra items in the construction of a condominium unit']."

(all emphases added)

With these explicit and plain statements in the record, we have difficulty in understanding the Superior Court's denying plaintiff recovery on the promissory note. It appears an outright contradiction of defendants' stipulation for the Court to say:

"The Court finds that the Plaintiff has failed to prove by a preponderance of the evidence all the elements of his claim for a sum he asserted was due him from the Defendants upon a promissory note (notably the element of non-payment)."

Another part of the record, however, indicates a possible interpretation of the Court's statement different from that suggested by its literal language. During the Justice's efforts to clarify the precise issues for trial, another colloquy had taken place in which Mr. Moreshead had said:

"Your Honor, if it will save time, we will agree that there was a note; and my client signed the note. The question is whether or not—we filed a counterclaim, and *the issue will be whether or not there are amounts due by the plaintiff to the defendants to offset the balance the plaintiff is claiming against the defendants.*" (emphasis added)

As defendants have argued in their brief on appeal, the Superior Court Justice may have been trying to shortcut the "offset" process. Instead of first adjudicating the amount due from defendants to plaintiff on the promissory note and thereafter independently deciding the amount due from plaintiff to defendant Stanley J. Palman on the counterclaim, the Justice may have adopted the more direct approach of consolidating these respective liabilities. Were this so, if the Justice had concluded that enough was due on the counterclaim to constitute full payment of the note while yet leaving a balance due on the counterclaim, the Justice may have interpreted defendants' stipulation to mean that no payment had been made on the note in *money,* but defendants were nevertheless claiming that the note should be deemed paid in full through crediting in payment of it the amounts found owing to Stanley J. Palman on his counterclaim.

Yet, even on this rationale, the record reveals no sound basis for the Justice's ultimate conclusions. The maximum amount alleged due on the counterclaim was $5,000.55: (1) for labor, materials and supplies, $3,323.05; (2) for custodial services rendered, $877.50; and (3) for commissions on sales of condominium units, $800.00. Since the principal and interest due on the promissory note was $4,642.36, application of the maximum of $5,000.55 asserted due on the counterclaim in full satisfaction of the note would leave a maximum remaining balance due on the counterclaim of $358.19, in contrast to the $1,850.00 the Justice found due.

To compound the problem the record shows beyond dispute that defendant Stanley J. Palman abandoned that part of his counterclaim seeking to recover for custodial services in the amount of $877.50. Reduction of the maximum originally claimed on the counterclaim by $877.50 fixes the maximum asserted due on the counterclaim as $4,123.05. This amount is not enough to pay in full the principal and interest due on

the promissory note and therefore patently not enough to warrant any credit balance whatever in favor of defendant Stanley J. Palman on his counterclaim.

Lastly, as a further difficulty, the Justice himself made plain by his opinion that he found that defendant Stanley J. Palman was not entitled to the full amounts alleged in his counterclaim either for the services and materials he provided to plaintiff or for the commissions claimed. Noting that the

> "testimony differed dramatically as to the extent of the services so rendered and the materials so provided, . . . and also differed as to fair and reasonable compensation therefor . . .",

the Justice stated as his evaluation of the evidence that Stanley J. Palman was entitled to $1,200.00 (rather than the $3,323.05 claimed) for the services and materials he provided as "pick-up" work, and $650.00 (rather than the $800.00 claimed) for showing certain condominium units that were sold. These amounts add up to the $1,850.00 that the Justice awarded defendant Stanley J. Palman on his counterclaim. In this respect, then, the opinion of the Justice suggests that he never in fact undertook to credit such amounts as he found due on the counterclaim as payment of the principal and interest on the promissory note, thereby to arrive at the conclusion that since the principal and interest of the note were fully satisfied by such credits, defendants had no liability to plaintiff on the note.

We must conclude, then, that there is no rational basis of reconstruction to square the record with the judgments entered on the complaint and the counterclaim. The appeal from the judgment on the complaint must be sustained, and that judgment must be set aside. Moreover, since the record does not definitively settle that the Justice's evaluation of the case had not intertwined in some manner the issues of defendants' liability to plaintiff on the promissory note and plaintiff's liability to defendant Stanley J. Palman on his counterclaim, we think the interests of justice require that the judgment on the counterclaim be set aside and that the case be remanded to the Superior Court for a complete new trial.[1]

The entry is:

Appeal sustained; judgment on the complaint, and judgment on the counterclaim set aside; case remanded to the Superior Court for a new trial.

McKUSICK, C. J., and NICHOLS, J., did not sit.

---

1. At oral argument counsel for plaintiff and defendants acknowledged that if plaintiff's appeal from the judgment entered as to his complaint must be sustained, the judgment entered on the counterclaim should also be set aside, notwithstanding that no appeal had been taken from that judgment. Counsel recognized that because of the possibility that the trial Justice may have linked the issue of defendants' liability on the note with that of plaintiff's liability on the counterclaim, error in one part of the linkage would render the whole infirm and, therefore, in basic fairness the entire case should be retried.